IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CR-00042-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTHONY PAUL VELASQUEZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant Velasquez' pro se Motion for Transcripts and Presentence Report at Government Expense, filed July 26, 2012. (Doc. 29.) Defendant, who was sentenced on June 14, 2011, seeks all transcripts in his case and a copy of the Final Presentence Investigation Report ("PSR").

No transcripts have yet been made in this case, and no appeal or collateral attack is currently pending. To determine whether Defendant is here entitled to have transcripts created and distributed, the Court looks to the standards articulated in 28 U.S.C. § 753(f).[1]

The statute appropriately indicates that indigent defendants are not entitled at their whim to transcripts at government expense. With regard to direct appeal, the trial or circuit judge must "certif[y] that the appeal is not frivolous" before a transcript will be furnished and fees will be paid by the United States. *Id.* On collateral attack pursuant to 28 U.S.C. § 2255, the judge must also certify that the transcript is needed to decide the issue presented by the suit. *Id.* Extending these standards to the present posture of the case, Defendant must show a particularized need for

---

[1] Section 753(f) articulates the standards to be applied when transcripts have been requested for an appeal or a collateral attack.

1

such records. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972). In his Motion, however, Defendant Velasquez offers no justification for generating and making available the requested transcripts at this time. His request for transcripts is therefore denied.[2]

The request for a copy of the final presentence report must also be denied. While Federal Rule of Criminal Procedure 32(e)(2) mandates disclosure of the report to the defendant, the defendant's attorney, and an attorney for the Government prior to sentencing, it appears from the record that the probation officer complied and that Defendant Velasquez and his attorney received copies of the presentence report prior to sentencing and filed objections thereto. Mr. Velasquez neither suggests otherwise nor indicates why his copy of the report, or his attorney's, is no longer available to him. He simply states, after requesting his transcripts, that he "would also like a copy of [his] final PSI also." (Doc. 29 at 1.) In addition, the terms of the plea agreement include a waiver of the right to contest the conviction or sentence (Doc. 13 at 4), and the time for appeal or a section 2255 action challenging his sentence have passed.

One panel of our Fourth Circuit has held, in contrast with the standards applied to requests for transcripts, that no special need must be shown by an individual requesting review of a PSR of which he or she is the subject pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *United States v. Pugh*, 69 Fed. App'x 628, 629 (4th Cir. 2003) (citing *U.S. Dep't*

---

[2] It is worth further noting that courts within this circuit have held that "a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed." *United States v. Santos*, No. 2:03-00194-02, 2007 WL 4166146, at *1 (S.D.W. Va. Nov. 20, 2007) (citing *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998)); *accord United States v. Bracamontes*, No. 7:10-30-1F, 2012 WL 1318245, at *1 (E.D.N.C. Apr. 16, 2012). In *Horvath*, 157 F.3d at 133 n.1, the Second Circuit noted that our Fourth Circuit had reached the same conclusion in unpublished, non-precedential opinions. *See, e.g.*, *In re O'Kane*, 91 F.3d 132 (4th Cir. 1996) (unpublished table decision).

of Justice v. Julian*, 486 U.S. 1, 14 (1988)), despite the policy of the Bureau of Prisons ("BOP") not to allow the mailing to a prisoner of a copy of the presentence report, *see Untied States v. Truesdale*, 2010 WL 3522266, at *2 (W.D.N.C. Sept. 7, 2010) (discussing BOP Program Statement 1351.05).[3] However, Defendant here has not filed a FOIA request and indeed is barred from doing so pursuant to the language of his plea agreement. (Doc. 13 at 5) ("The defendant waives all rights . . . to request or to receive from any department or agency any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a."). "Although *Julian* makes a strong statement in favor or disclosing presentence reports to inmates," the Fourth Circuit has declined "to extend *Julian* to court records." *United States v. Williams*, 1989 WL 152422, at *2 (4th Cir. Dec. 11, 1989) (noting that the district court's copy of the presentence report is a court record not covered by the FOIA). Therefore, "the [presentence] report can be obtained from the district court only . . . upon a showing of need." *Id.*

---

[3] The BOP implemented this policy "[f]or safety and security reasons":

> Many PSRs [ ] contain information regarding the inmates' government assistance, financial resources, community affiliations, etc. The Bureau [of Prisons] has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs [ ] to learn if they are informants, gang members, have financial resources, etc.

*Id.* (citing *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 71 (D.D.C. 2008)).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. 29) be **DENIED** without prejudice. Defendant is free to resubmit his Motion with a showing of a particularized need for the requested documents.

Signed: August 13, 2012

Richard L. Voorhees
United States District Judge