IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-00025-RLV
(5:10-CR-00042-RLV-DSC-1)

| | |
|---|---|
| ANTHONY PAUL VELASQUEZ, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as untimely.

## I. BACKGROUND

On January 12, 2011, Petitioner pleaded guilty pursuant to a written plea agreement to two counts of interference with commerce by threat or violence, in violation of 18 U.S.C. § 1951 (Counts One and Three); and using and carrying a firearm during and in relation to a crime of violence (Count Two). On June 14, 2011, Petitioner was sentenced to concurrent terms of 178-months' imprisonment on Counts One and Three, and a term of 84 months on Count Two to be served consecutively to the sentence imposed for Counts One and Three. (5:10-CR-00042, Doc. No. 24: Judgment in a Criminal Case). Judgment was entered on June 21, 2011, and Petitioner did not appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

1

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In his pro se § 2255 motion, Petitioner raises two claims for relief. First, he argues that he "received ineffective assistance of counsel during presentencing and [the] plea process. I was unaware my counsel was withholding information." (5:15-CV-00025, Doc. No. 1 at 4). In his second claim for relief, Petitioner contends that he is entitled to a two-point reduction in his criminal history level based on Amendment 742 of the U.S. Sentencing Guidelines Manual (USSG). (Id. at 5).[1] As noted above, Petitioner did not appeal his criminal judgment. Therefore, it became final on July 5, 2011, or 14-days following its entry. See Clay v. United States, 537 U.S. 522, 525 (2003).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides in relevant part that,

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Amendment 742 became effective on November 1, 2010, and was therefore applicable to the calculation of Petitioner's criminal history category.

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner explains that his § 2255 motion is timely based "upon newly discovered evidence." (5:15-CV-00025, Doc. No. 1 at 12). Petitioner is therefore relying on § 2255(f)(4) in order to render his motion timely. This contention is unavailing.[2]

Petitioner's first claim for relief is conclusory and utterly fails to identify any particular actions or omissions of his trial counsel during the plea bargaining or sentencing phase of his prosecution. Moreover, Petitioner does not contend when he learned of any questionable conduct by his counsel. Because Petitioner did not appeal his judgment, he had until Thursday, July 5, 2012, in order to file his § 2255 motion and present this claim, yet he waited nearly two and half years after his one-year limitation period expired to file his petition. Any claim of ineffective assistance of counsel could have been presented in a timely manner. Therefore, this claim will be dismissed as untimely.

Petitioner's second claim for relief fares no better. Petitioner argues that he should not have been assessed two "recency points" in computing his criminal history category. (Id. at 5). First, it does not appear from his presentence report (PSR) that Petitioner was assessed two points for committing his federal offenses within two years from release from imprisonment. In any event, Petitioner was sentenced as a career offender pursuant to USSG § 4B1.1 based on two

---

[2] The Court finds that Petitioner cannot benefit from equitable tolling of the one-year limitation period because it appears that he has not been diligently pursuing his rights and he fails to present a credible claim that some impediment prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010).

3

prior convictions for common law robbery for which he was sentenced to in excess of one year in prison and he had a criminal history category of 21. (5:10-CR-00042, Doc. No. 19: PSR ¶¶ 42, 65, 67). Thus, even if he were improperly assessed two "recency points" it would be of no consequence because he would still qualify for a Level VI criminal history category based on his status as a career offender and his criminal history points.

Second, any error in his Guidelines calculation, even if timely filed in a § 2255 motion, would not entitle Petitioner to relief because in a § 2255 proceeding relief is generally only available for a constitutional error, a lack of jurisdiction, or an error of law or fact that represents a miscarriage of justice. See United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Furthermore, Petitioner knowingly waived his right to contest his sentence in his written plea agreement except for claims of ineffective assistance of counsel and/or prosecutorial misconduct. (5:10-CR-00042, Doc. No. 13: Plea Agreement ¶ 19).

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is untimely and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** with prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

Signed: April 24, 2015

Richard L. Voorhees
United States District Judge