IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CR-00042-KDB-DSC-1

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ANTHONY PAUL VELASQUEZ | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Anthony Paul Velasquez's *pro se* motion for compassionate release and home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 39). This is Defendant's second filing with the Court asserting the same general complaints and requesting compassionate release. (Doc. No. 224). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

Defendant's previous motion for compassionate release was denied for failure to exhaust his administrative remedies within the Bureau of Prisons as required under 18 U.S.C. § 3582(c)(1)(A) and not properly supported by evidence. (Doc. No. 38). According to the BOP website, FCI Williamsburg, currently has 5 inmates and 8 staff with confirmed active cases of COVID-19. There are approximately 1,200 inmates at FCI Williamsburg. There have been no inmate nor staff deaths and 4 inmates and no staff have recovered. Given these conditions, the Court finds no

reason to disturb its prior ruling requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court for relief. (Doc. No. 38). This Court has previously addressed the Defendant's request and the Defendant presents no new material evidence that would change the Court's prior ruling.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle,* 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion for compassionate release and home confinement (Doc. No. 39), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

SO ORDERED.

Signed: October 27, 2020

Kenneth D. Bell
United States District Judge