# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:10-CR-00042-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ANTHONY PAUL VELASQUEZ, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 42). Defendant seeks compassionate release a third time arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Williamsburg[1] and that, due to his pre-existing medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

Defendant states on the first page of his motion that he has been vaccinated against COVID-19. (Doc. No. 42, at 1). According to his Presentence Report, he has an unexplained growth on his forehead, needs some dental work, reports arthritis in his knee and wears a support

---

[1] According to the Bureau of Prison's (BOP) website, FCI Williamsburg currently has zero inmates and 1 staff with confirmed active cases of COVID-19. There have been 3 inmate deaths and no staff death, while 201 inmates have recovered and 70 staff have recovered. Additionally, at the complex, 196 staff have been fully inoculated and 1,229 inmates have been fully inoculated. FCI Williamsburg has approximately 1,600 inmates.

brace on his right hand from an old injury. (Doc. No. 19, ¶ 84). Defendant claims to be pre-diabetic, has had several respiratory issues in the past, that his blood pressure fluctuates, and he has a slower heart rate than a few years ago. (Doc. No. 42, at 2). He also states he is a care level one which is confirmed in the Regional Director's denial of his compassionate release and defines it as an assessment that Defendant's medical condition is considered healthy or simple chronic care. *Id*. at 2, 10. The CDC reports that vaccinations protect individuals from getting sick with COVID-19, *Facts about Vaccination*, CDC (Apr. 15, 2021), www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html, and may prevent individuals from "getting seriously ill" even if they do contract the virus, *Benefits of Getting Vaccinated*, CDC (Apr. 12, 2021), www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

The vaccine addresses Defendant's concerns about contracting COVID-19 and his purported risk of severe illness should he contract the virus. Because Defendant's vaccination significantly mitigates the risk of contracting COVID-19, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus.

Defendant argues that his imprisonment during the COVID-19 pandemic—something not anticipated by the sentencing court—increased his prison sentence's punitive effect and constitutes extraordinary and compelling circumstances that warrant a sentence reduction. "While circumstances that 'undoubtedly increase a prison sentence's punitive effect' may constitute extraordinary and compelling circumstances in some individual cases, *United States v. Kibble*, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, C.J., concurring), if every defendant who experiences

hardship during their incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the 'exception that swallows the general rule of finality. *United States v. Hancock*, No. 1:06-CR-206-2, 2021 U.S. Dist. LEXIS 41526, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021)." *United States v. Chavis*, No. 1:18-CR-481-3, 2021 U.S. Dist. LEXIS 124143, at *8-9 (M.D.N.C. July 2, 2021). Moreover, the "hardships" that Defendant claims to have experienced in prison during the COVID-19 pandemic are not particular to Defendant. Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic. *See United States v. Murry*, __ F. Supp. 3d __, 2021 WL 1899362, 2021 U.S. Dist. LEXIS 90792 at n.2 (E.D. Va. May 11, 2021); *United States v. Burks*, No. 3:14-CR-208-MOC-1, 2021 U.S. Dist. LEXIS 70934, 2021 WL 1394857, at *4 (W.D.N.C. Apr. 13, 2021). Thus, Defendant's incarceration during the pandemic does not constitute "extraordinary and compelling" reasons warranting early release.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those

candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 42), is **DENIED.**

**SO ORDERED.**

Signed: October 27, 2021

Kenneth D. Bell
United States District Judge